### McCormick Harvesting Machine. Co v. Charles J. Cordsiemon.

1. CONTRACTS—*Of Employment—Discharge Without Notice.*—Where a contract of employment provides that it may be canceled at any time by either party, on giving to the other, five days written notice, such provision must be complied with and a discharge without the required notice is unlawful.

2. MEASURE OF DAMAGES—*For an Unlawful Discharge.*—Where a contract of employment has been repudiated by the employer without the consent of the employe and without the notice required by such contract, the measure of damages is what the discharged employe could have earned under it from the time of his discharge up to the time he brings suit.

Assumpsit, for wages. Appeal from the Circuit Court of Adams County; the Hon. JOHN C. BROADY, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed April 9, 1902.

AKERS & SWOPE, attorneys for appellant.

W. L. VANDEVENTER and GEO. M. JANES, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellee entered into a written contract with appellant to work for it from March 19, 1900, to January 1, 1901, at a salary of $60 per month. The contract was executed on behalf of appellant, by J. L. Martin, its general agent, and recited that it should remain in force until January 1, 1901, "unless sooner canceled for just cause by the said J. L. Martin, general agent for The McCormick Harvesting Machine Company, or it may be done by either party

at any time after giving five days' notice in writing to the other party of his or their election to do so." Appellee worked under the supervision of Martin, at Quincy, Illinois, until July 12, 1900, when he was sent to Sioux City, Iowa, and there worked under the supervision of another of appellant's agents until July 28th when he returned to Quincy. On the 7th of August he was discharged without cause by Martin, and without written notice of appellant's election so to do. Appellee held himself in readiness to perform his part of the contract, and on the 24th of September, 1900, brought suit to recover his salary from July 28th to September 19th. In the Circuit Court, on appeal from a justice of the peace, there was a trial by the court without a jury, resulting in a judgment in favor of appellee for $102.

There is practically no dispute about the facts in this case and its decision hinges upon the construction to be placed upon the clause of the contract which provides that it may be canceled at any time by either party to the contract on giving five days' written notice. Where a contract itself provides the method for its rescission, it should be followed. (Bishop on Contract, Sec. 832; McKay v. Carrington, 1 McLean, 50; Bour et al. v. Kimball, 46 Ill. App. 327.) There is no pretense that Martin discharged appellee for cause. He discharged him simply because he did not think the business justified his retaining him. That being his sole reason he should have given the written notice specified in the contract.

The measure of damages—the contract having been repudiated by appellant without the consent of appellee and without the required written notice—is what appellee could have earned under it from the 28th of July up to the time he brought suit. Hamlin, Hale & Co. v. Race, 78 Ill. 422; Mt. Hope Cemetery Association v. Weideman, 139 Ill. 67.

The finding and judgment being right on the facts, it is unnecessary to discuss the alleged errors of the court in passing upon the proposition of law submitted. Judgment affirmed.