ANTONE KEMNETZ, Plaintiff-Appellant, v. ELLIOTT FARMERS GRAIN COMPANY *et al.*, Defendants-Appellees.

Fourth District   No. 4—85—0057

Opinion filed August 29, 1985.

Paul R. Wilson, Jr., of Rantoul, for appellant.

Don C. Hammer, of Hayes, Schneider, Hammer & Miles, of Bloomington, for appellees.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

This case concerns the measure of damages due an employee for a breach by the employer of a contract of employment permitting the employer to terminate the contract upon giving written notice of a prescribed length of time. The employer discharged the employee upon 10 days' notice while the terms of the contract required 30 days' notice. We conclude, as have the vast majority of courts, that where, as here, (1) the breach did not cause any forfeiture by the employee of any rights other than the salary and fringe benefits he would have received during the additional time necessary to give proper notice, and (2) notice of a proper length would not have given the employee an opportunity to negate the employer's right to terminate the employment, the measure of damages is the compensation and fringe benefits the employee would have received during the additional time necessary for the notice to have been of proper length. Annot., 96 A.L.R.2d 272 (1964).

On July 6, 1982, plaintiff, Antone Kemnetz, filed suit in the circuit court of Champaign County against defendant, Elliott Farmers

Grain Company, contending that he had a contract of employment to serve as manager for that defendant which it had breached by terminating his employment in violation of the contract. The parties agree that on June 1, 1982, the day after the alleged breach, defendant, Fisher Coal & Grain Company, purchased all of the assets and assumed all of the liabilities of Elliott Farmers Grain Company and that the two entities may be treated as the same. On July 30, 1984, on plaintiff's motion, the court entered summary judgment in favor of plaintiff and against defendants on the question of liability. On January 14, 1985, the court fixed damages in the sum of $1,369.80. Plaintiff appeals, contending that the damages were insufficient as a matter of law.

Paragraph 10 of the contract of employment stated:

"This agreement shall continue in full force and effect until the end of the CURRENT CALENDAR YEAR of COMPANY and from year to year thereafter unless cancelled for cause as herein provided, or unless cancelled by mutual consent of the PARTIES hereto, or unless cancelled by either PARTY by the giving of THIRTY (30) days written notice to the other party."

Paragraph 9 of the contract provided for discharge of the manager for cause under certain conditions. No other part of the contract discussed discharge of the manager or termination of the contract.

■ The contract was executed on March 11, 1981. On May 21, 1982, Elliott Farmers Grain Company notified plaintiff in writing that his employment would be terminated May 31, 1982. The parties are in agreement that the employer did not follow the requirements of the contract in terminating plaintiff and thus breached the contract. Plaintiff maintains that the intent of the parties was for the contract to be for a year-by-year employment. He then contends that the provision for discharge upon 30 days' notice was applicable only as a notice to not renew the contract for an additional year and that such notice was required to be given at least 30 days before the end of the calendar year. The defendants asserted that the 30-day notice could be given at any time. The trial court agreed with defendants. The trial court was correct.

We recognize that any ambiguities in the contract should be considered against the defendants at whose instance it was drafted. (*Cedar Park Cemetery Association, Inc. v. Village of Calumet Park* (1947), 398 Ill. 324, 75 N.E.2d 874; *Brown v. City of Pekin* (1984), 129 Ill. App. 3d 46, 472 N.E.2d 77.) However, we find no ambiguity in the instrument. The 30 days' notice provision is clearly listed in the disjunctive as one of the methods of terminating the employment. The

provision is not listed in such context with the statement that the contract may run from year to year as to indicate that it is applicable only to preventing the contract from remaining in force for another calendar year.

As we have indicated, the question at the heart of the case is the measure of damages for the breach. Plaintiff contends that he was entitled to the compensation he would have received for the remainder of the calendar year plus the value of the fringe benefits he would have received in the form of contributions to his pension fund and the value of paid medical insurance which the employer would have provided for that period. He also claims prejudgment interest and attorney fees. The trial court awarded plaintiff only the salary he would have received for 20 more days of employment and the contributions which would have been made to the benefit of plaintiff's pension during that time.

Plaintiff contends that even if the contract could be terminated by the employer at any time upon giving 30 days' notice, that length notice was not given, and accordingly, he should have been compensated for his salary and fringe benefit loss occurring until the end of the calendar year. He relies on the decision in *McCormick Harvesting Machine Co. v. Cordsiemon* (1901), 101 Ill. App. 140, which was decided by the then appellate court for the Third District, which was the predecessor to this district. There, an employment contract provided that it might be cancelled upon five days' notice to the employee or otherwise it would extend until January 1, 1901. The employee was discharged without any notice on August 7, 1900. The appellate court held that the plaintiff was entitled to the wages he would have received from the date of discharge until September 24, 1900, which was the date the complaint was filed. The court cited *Hamlin, Hale & Co. v. Race* (1875), 78 Ill. 422, and *Mount Hope Cemetery Association v. Weidenmann* (1891), 139 Ill. 67, 28 N.E. 834, which held or recited that a plaintiff suing for wages under a breached employment contract could only recover those wages which would have been earned up to the time suit was filed. The *McCormick* decision is the only Illinois case in point.

■ Defendants rely on the majority rule that "an employee who is discharged without notice is entitled to his normal compensation for the notice period stipulated in the contract but not for the entire unexpired term thereof." (Annot., 96 A.L.R.2d 272, 274 (1964).) The foregoing rule is limited to situations where the employee is not subject to forfeiture other than for wages and fringe benefits that would have been received in the period by which the discharge notice was

short and the employee could not have negated the employer's right to terminate during that period. (See Annot., 96 A.L.R.2d 272, 279-81 (1964).) *McCormick* is the only case of any court of record called to our attention which negates the majority rule.

■ We adopt the majority rule as setting forth the logical measure of damages. Under the circumstances here, the breach of the contract by the employer arises from the shortness of notice. Where notice is required, and not given at all or given an insufficient time before the discharge, the majority rule allows the employee only the compensation and benefits the employee would have received if timely notice had been given. Thus, the employee is granted those damages that proximately result from the employer's breach. See *Holt v. Seversky Electronatom Corp.* (2d Cir. 1971), 452 F.2d 31; *Odell v. Humble Oil & Refining Co.* (10th Cir. 1953), 201 F.2d 123.

Defendants suggest that *McCormick* can be distinguished from the case here in that no notice rather than a notice of too short duration was given there. They also point out that the court granted compensation only for damages incurred up to the time of filing suit. We do not deem these distinctions to be sufficient. *McCormick* is inconsistent with the decision of the trial court and of our holding here. Rather than attempting to distinguish *McCormick*, we overrule that decision.

■ The trial court was in error in one respect. The undisputed evidence was that Elliott Farmers Grain Company provided medical benefits for plaintiff as its employee for which it paid $124.38 per month. The trial court denied plaintiff any recovery for these benefits even though he was required to obtain and pay for substitute medical insurance coverage for the period. The trial court reasoned that plaintiff suffered no damage because he incurred no medical expenses during the 20-day period by which the notice was short. We disagree with the court's analysis on this point. Plaintiff was entitled not merely to reimbursement in case he incurred medical expenses. He was entitled to coverage upon which he could rely during this period. The plaintiff's award should have been increased by the sum of $82.92, which is the pro rata value of the medical insurance defendants would have provided for the 20-day period.

■ ■ We agree with the trial court that plaintiff was entitled to neither prejudgment interest nor attorney fees. "Creditors" are permitted by statute to obtain prejudgment interest on amounts due on an "instrument in writing" (Ill. Rev. Stat. 1981, ch. 17, par. 6402), but the amount to be awarded must either be liquidated or subject to easy computation. (*Stevenson v. ITT Harper, Inc.* (1977), 51 Ill. App.

3d 568, 366 N.E.2d 561.) A good-faith dispute as to whether payment was due does not negate the request for prejudgment interest. (*Technical Representatives, Inc. v. Richardson-Merrell, Inc.* (1982), 107 Ill. App. 3d 830, 438 N.E.2d 599.) Here, however, the damages were definitely not liquidated and were ascertainable only after we have overruled a precedential decision. The damages were not easily ascertainable because of the uncertainty as to the method to measure them. Plaintiff requested attorney fees pursuant to legislation which provides for them in suits for "wages earned" when a demand in writing was made at least three days before filing suit and the demand is in an amount "not exceeding the amount so found due and owing" (Ill. Rev. Stat. 1981, ch. 13, par. 13). Here plaintiff's demand far exceeded that found to be "due and owing."

Plaintiff has appealed only the order of January 14, 1985, determining damages. For the reasons stated, we reverse that judgment and remand the case to the circuit court of Champaign County with directions to enter judgment fixing plaintiff's damages in the sum of $1,452.72 and for costs.

Reversed and remanded with directions.

McCULLOUGH and MORTHLAND, JJ., concur.